

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-44,026-10

### EX PARTE CHEYENNE PATE, Applicant

## ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 8660-A IN THE 77TH DISTRICT COURT FROM LIMESTONE COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of burglary of a habitation and sentenced to thirty-two years' imprisonment. The Tenth Court of Appeals affirmed his conviction. *Pate v. State*, No. 10-97-00015-CR (Tex. App. — Waco April 1, 1998)(not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he is being illegally confined in Florida pursuant to a "fugitive hold" from Texas since his arrest in 2017. Applicant alleges that there is no basis for the hold, and alleges that Texas has lost jurisdiction to extradite him back to Texas by its failure to comply with Article 51.13 of the Texas Code of Criminal Procedure.

Although it is likely that Applicant is being held pursuant to a parole revocation warrant, the record is insufficient to show that he is being held pursuant to such a warrant, or that he is being provided with due process in the parole revocation proceedings. Accordingly, the record should be developed. The trial court is the appropriate forum for findings of fact. Tex. Code Crim. Proc. art. 11.07, § 3(d). The trial court shall order the Board of Pardons and Paroles' Office of the General Counsel to obtain a response from a person with knowledge of relevant facts. That response shall state whether a revocation warrant was issued, and if so, when the revocation warrant was issued and executed, and whether Applicant has been charged with a new criminal offense or is being held only on alleged administrative violations of the conditions of his parole. The response shall also state whether Applicant has been provided with notice of his rights in the revocation process, and whether he has requested or waived a preliminary hearing or a final revocation hearing. The response shall state whether Applicant has been afforded a preliminary hearing or a final revocation hearing.

In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. See Tex. Code Crim. Proc. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The trial court shall make findings of fact and conclusions of law as to whether Applicant is being held pursuant to a parole revocation warrant, or whether he is in fact being held as a fugitive without a warrant. If Applicant is being held pursuant to a parole revocation warrant, the trial court shall make findings of fact and conclusions of law as to whether Applicant has received preliminary and final hearings within a reasonable time, and whether he is being afforded due process in the

parole revocation proceedings. The trial court may make any other findings and conclusions that it deems appropriate in response to Applicant's claim.

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. See Tex. R. App. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: July 27, 2022
Do not publish